THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>      Plaintiff,<br><br>vs.<br><br>BRAD WILSON ET AL.,<br><br>      Defendants. | **MEMORANDUM DECISION<br>& ORDER GRANTING<br>SUMMARY-JUDGMENT MOTION**<br><br>Case No. 2:19-CV-373 TS<br><br>District Judge Ted Stewart |

  During the nearly three-and-a-half-year life of this case (in which Plaintiff has regularly bombarded the Court with irrelevant and distracting filings that will not be further addressed), the defendants and claims have been whittled down to these solely remaining allegations: (1) Around February 14, 2019, to retaliate against Plaintiff for refusing to live in a residential substance-abuse program, Defendants Kiesel and Wilson arranged for another inmate to physically assault Plaintiff, then filed a related disciplinary charge against Plaintiff. (ECF No. 29, at 15-16, 45, 47.) (2) On October 1, 2019, Defendant Okoniewski committed perjury when he falsified a disciplinary write-up of Plaintiff, accusing Plaintiff of refusing orders, resisting arrest/ movement, disorderly conduct, and reckless endangerment. (*Id.* at 35.) (3) Defendant Watkins was told by Plaintiff about cuts and bruises he sustained in an altercation; however, Watkins did not refer Plaintiff to medical providers for treatment. (*Id.* at 25, 49.)

  Defendants then followed the Court's Order to answer these remaining claims, file a *Martinez* report to address any evidence underlying the claims, and file a summary-judgment motion based on the *Martinez*-report evidence. (ECF Nos. 33, 50-53, 63-64, 68.) Though

Plaintiff was repeatedly ordered to respond to the summary-judgment motion, he never addressed its arguments. (ECF Nos. 33, 71, 75, 76, 78.)

Defendants' summary-judgment motion is based on Plaintiff's failure to exhaust his administrative remedies through Utah Department of Corrections's (UDOC's) grievance process. (ECF No. 68.) Defendants' motion relies on *Martinez* report exhibits, such as an affidavit, UDOC's grievance policy, and inmate grievances and requests. (ECF Nos. 63-64.) Due to his failure to respond as required, Plaintiff has supplied no countervailing evidence.

## SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere factual dispute will not preclude summary judgment; instead, there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

The United States Supreme Court and the Tenth Circuit have held that the exhaustion requirement must be met to bring a § 1983 claim in federal court under the Prisoner Litigation Reform Act of 1995 (PLRA):

> [PLRA] imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)[.] . . . An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. *See Jones v. Bock*, 549 U.S. 199 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

*Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 703 (10th Cir. 2008) (unpublished) (citation omitted).

2

The Supreme Court has held that the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion" means "'using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). In *Ngo*, the Supreme Court concedes "this will prevent certain prisoner cases from proceeding, but notes that a 'centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an "invigorated" exhaustion provision, § 1997e(a).' 'Exhaustion is no longer left to the discretion of the district court, but is mandatory.'" *Tung v. Hartley*, No. 1:08-CV-457-AWI, 2012 U.S. Dist. LEXIS 30895, at *3 (E.D. Cal. Mar. 8) (citations omitted) (ellipses in original).

## UNDISPUTED MATERIAL FACTS

(1) UDOC has a grievance process for inmates seeking redress for complaints about conditions of confinement. (ECF No. 63-1.) For an inmate to achieve grievance exhaustion, the process requires a grievance be brought to each of the three levels of administrative review available, with level one to be filed "[w]ithin seven working days from the time the inmate knew or should have known about a grievable incident," (*id.* at 14); and level two to be filed within "five working days" of receiving a UDOC response to the level-one grievance, (*id.*); and level three to be filed within "five working days" of receiving the UDOC response to a level-two grievance, (*id.* at 15).

(2) Plaintiff did not file, to all three required levels, grievances relevant to any of the specific allegations against remaining Defendants found in the first paragraph. (ECF No. 64.)

## ANALYSIS

With this backdrop of law and facts, the Court concludes that it is undisputed that UDOC has a grievance process and therefore Plaintiff was required to complete that grievance process before bringing this federal civil-rights action. It is further undisputed, based on the evidence provided by Defendants and the complete absence of evidence provided by Plaintiff, that Plaintiff did not file, to all three required levels, grievances relevant to the specific allegations at issue against remaining Defendants here.

## CONCLUSION

**IT IS ORDERED** that:

(1) Because Plaintiff did not--as required by federal statute--exhaust administrative remedies for his specific claims against remaining Defendants Kiesel, Wilson, Okoniewski, and Watkins--Defendants' summary-judgment motion is **GRANTED**. (ECF No. 68.)

(2) With no controversy remaining, this action is **CLOSED**.

DATED this 29th day of September, 2022.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court