THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>                    Plaintiff,<br><br>v.<br><br>BRAD WILSON et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION &**<br>**ORDER DENYING MOTION FOR**<br>**RELIEF FROM JUDGMENT**<br><br>Case No. 2:19-CV-373 TS<br><br>District Judge Ted Stewart |

## BACKGROUND

Plaintiff began this case as a prisoner proceeding *in forma pauperis*. (ECF No. 4.) He filed a civil-rights complaint, then amended the complaint. (ECF Nos. 5, 24.) The Court screened the amended complaint, gave comprehensive guidance on how to cure its many deficiencies, and ordered Plaintiff to file a second amended complaint. (ECF Nos. 24-25.) The Order specified, "If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (ECF No. 25.)

After Plaintiff filed the Second Amended Complaint, on July 13, 2022, the Court dismissed some defendants and claims, then requested waiver of service from Utah Department of Corrections (UDOC) Defendants Kiesel, Okoniewski, Watkins, and Wilson. (ECF Nos. 29, 33.) The Order stated:

> Defendants Kiesel and Wilson should respond to allegations of the kind (e.g., failure to protect and retaliation) and dates found at pages 16, 45, and 47 of the Second Amended Complaint [circa February 14, 2019]. (ECF No. 29.) Defendant Okoniewski should respond only to allegations of the kind (e.g., falsified disciplinary write-up) and dates found at page 35 [October 1, 2019]. (*Id.*) And,

> Defendant Watkins should respond only to allegations of the kind
> (e.g., refused medical treatment) and dates found at pages 25, and
> 49 [circa April 17, 2019]. (*Id.*)

(ECF No. 33.)

Defendants filed a *Martinez* report, with ten evidentiary exhibits, upon which they based their Motion for Summary Judgment, requesting dismissal on the ground of Plaintiff's failure to exhaust his administrative remedies in UDOC's grievance process. (ECF Nos. 63-64, 68.) Plaintiff filed an objection to the *Martinez* report, with an exhibit. (ECF Nos. 66, 69.) When Plaintiff failed to file a relevant response to Defendants' summary-judgment motion--even after two orders to show cause were issued regarding Plaintiff's failure--on September 29, 2022, the Court granted Defendants' motion, noting that "[d]ue to his failure to respond as required, Plaintiff has supplied no countervailing evidence." (ECF Nos. 68, 71, 75, 79.)

The Court now denies Plaintiff's pending Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(a), (b)(1) and (6), filed October 31, 2022. (ECF No. 81.)

## RULE 60 MOTION

In pertinent part, Federal Rule of Civil Procedure 60(a) states, "The court may correct a clerical mistake or a mistake arising from oversight or omission, whenever one is found in a judgment, order, or other part of the record." And Rules 60(b)(1) and (6) state in relevant part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief."

The Court addresses only Plaintiff's Rule 60(b) arguments attacking the dismissal order in this case. (ECF No. 81.) All other arguments are irrelevant and not considered further.[1] (*Id.*)

Plaintiff argues that this Court "showed bias by filing a Memorandum Decision & Order Granting Summary-Judgment Motion without having made a ruling on Plaintiff's Opposition to Defendants' *Martinez* Report." (ECF Nos. 66, 81.) Plaintiff contends that opposition

> specifies unprofessional tactics used by the Utah Department of Corrections from exhausting the grievance process. See Exhibit A letter addressed to Clerk Gary P Serdar dated September 29, 2022, Case No. 4:22-CV-12-DN (yellow highlighted) Admin Services Bureau, Matthew Anderson and Wendy Aldrich, will be subpoena to testify regarding threats, intimidation and grievance process. (Backdating)

(ECF No. 81.)

It is true that Plaintiff's *Martinez* report opposition has this line: "Plaintiff can prove that the Utah Dept. of Corrections has used unprofessional tactics to deny Plaintiff from exhausting the grievance process . . . ." (ECF No. 66.) Plaintiff's opposition was supported by a single exhibit, part of which is a copy of a letter Plaintiff allegedly wrote to Warden Blood, stating,

> On October 21, 2021, I sent the Division of Prison Operations a letter regarding level 3 grievance # 990910602. I've not received the level 3 response and the time has exceeded. . . On December 14, 2021, I filed two level 1 grievances. 1. Against Records Division, who is refusing to disclose all incoming and outgoing legal mail, which was requested via GRAMA form on November 9, 2021. (It's logged on notary book); and 2. Against contract Atty. David J. Angerhofer, refusing to disclose government records, for

---

[1] For instance, Plaintiff appears to mention other ways Plaintiff's civil-rights have potentially been violated during incarceration. These violations are immaterial to this action. If Plaintiff wishes to pursue any of them further, Plaintiff should do so in a separate civil-rights complaint.

> the purpose of a cover-up to illegal activity within the Utah Dept.
> of Corrections. What excuse do you have to justify these issues,
> grievances.

(ECF No. 69.)

A second letter in the exhibit referenced a letter not found on this case docket, allegedly dated March 21, 2019, "addressed to the Contract Attys," which refers to the letter as "Exhibit 1 to 'Plaintiff's Opposition to Defendants Martinez Report.'" (ECF No. 69.) Plaintiff stated this letter "is evidence that the Utah Dept. of Corrections is involved with illegal activity" with "government officials" having Plaintiff's victim "initiate contact" with Plaintiff "to cooperate with their illegal activity" and the officials' retaliation against Plaintiff when he did not cooperate. (*Id.*)

First, the *Martinez* report and opposition were not meant to be ruled on separately. The *Martinez* report is simply a mechanism for triggering discovery on an inmate's civil claims. (ECF No. 33.) Plaintiff was required to "within 30 days of its filing, respond to the *Martinez* report, including a request for other discovery desired." (*Id.*) The *Martinez* report is the discovery provided by Defendants as evidentiary support of their challenges (to Plaintiff's claims), substantively argued in their summary-judgment motion. (ECF Nos. 63, 64, 68.) Here, the discovery contained in Defendants' *Martinez* report included copies of UDOC's grievance policy, copies of Plaintiff's grievances and UDOC responses. (ECF Nos. 63-64.) Those documents supported Defendants' summary-judgment motion, asserting that Plaintiff failed to exhaust grievances as required to pursue federal civil-rights claims as an inmate. (ECF Nos. 63, 64, 68.)

Second, Plaintiff was offered a chance to "request . . . other discovery desired," outside the *Martinez* report, if needed. (ECF No. 33.) Plaintiff was also provided by the Court "the

procedural rules governing summary-judgment practice," by which Plaintiff was notified, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." (*Id.* (citing Fed. R. Civ. P. 56(c)(1).) Therefore, Plaintiff was advised that a bald assertion like the one Plaintiff offered in *Martinez* report opposition--"Plaintiff can prove that the Utah Dept. of Corrections has used unprofessional tactics to deny Plaintiff from exhausting the grievance process . . . ."--does not meet the Rule 56 standard; still, Plaintiff offered no supporting evidence for that factual assertion. (ECF No. 66.) Aside from the *Martinez* report response, Plaintiff was also obligated to timely respond separately, and with relevant arguments, to Defendants' summary-judgment motion. (ECF No. 33.) Plaintiff never met this requirement.

Third, when Plaintiff contends here that Plaintiff had notified the Court of "unprofessional tactics used by the Utah Department of Corrections from exhausting the grievance process" by sending a "letter addressed to Clerk Gary P Serdar dated September 29, 2022, Case No. 4:22-CV-12-DN," (ECF No. 81), Plaintiff fails to understand that the Court will not review Plaintiff's other cases before the Court to determine whether any of Plaintiff's filings in another case is applicable to this action. Each case is considered on its own documents and merit. The potential existence of such a letter in the docket of another case is thus disregarded.

Fourth, the single exhibit supporting Plaintiff's opposition referred to a level-three grievance and two level-one grievances allegedly filed by Plaintiff in UDOC's grievance system. (ECF No. 69.) However, Plaintiff did not hint what the level-three grievance was about, while

5

neither of the level-one grievances cited involved the subject matter remaining in this case. (*Id.*) These oblique references to grievances in a stray letter did not adequately counter the explicit grievance evidence--copies of applicable grievances--supplied by Defendants in backing their summary-judgment motion. (*Id.*) This is in part why the Court stated in its Order granting summary judgment that "Plaintiff has supplied no countervailing evidence"--a statement the Court stands by. (ECF No. 79.)

And, finally, the second letter in the exhibit, referencing a letter never received by the Court, allegedly dated March 21, 2019, "addressed to the Contract Attys," which referred to the letter as "Exhibit 1 to 'Plaintiff's Opposition to Defendants Martinez Report,'" (ECF No. 69), allegedly involved "evidence that the Utah Dept. of Corrections is involved with illegal activity," (*id.*), but did not mention the kind of grievance evidence that would be necessary to put in question the grievance evidence Defendants used to support their summary-judgment motion. It thus does not provide any basis upon which to consider relief from the judgment.

## ORDER

Having thoroughly reviewed Plaintiff's arguments, the Court refuses all asserted bases for post-judgment relief.

**IT IS THEREFORE ORDERED** that:

**(1)** Plaintiff's motion for post-judgment relief and second request for this judge's recusal are **DENIED**. (ECF Nos. 81, 85.) This action remains closed.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint, which Plaintiff may use if wishing to pursue other potential claims.

DATED this 14th day of August, 2023.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court